[23 NYS3d 330]

In the Matter of STEVEN JOHN HULTQUIST, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE NINTH JUDICIAL DISTRICT, Petitioner.

Second Department, January 20, 2016

APPEARANCES OF COUNSEL

*Gary L. Casella*, White Plains (*Glenn E. Simpson* of counsel), for petitioner.

*Steven John Hultquist*, Research Triangle Park, N.C., respondent pro se.

### OPINION OF THE COURT

Per Curiam.

The Connecticut Superior Court, Judicial District of Hartford, by order dated June 24, 2015, reciprocally reprimanded the respondent based on the disciplinary action taken against him by the United States Patent and Trademark Office (hereinafter the USPTO), which, by final order dated December 9, 2014, publicly reprimanded him for violating 37 CFR former 10.84 (a) (1), (2) and (3) of the USPTO Code of Professional Responsibility (37 CFR former 10.20 *et seq.*) The underlying facts are as follows:

The respondent resides in North Carolina and is a member of the North Carolina bar. He is a registered patent agent and patent attorney. His practice focuses on patent and trademark matters.

In February 2007, the respondent agreed to represent a client, David Abels, in a patent matter, which included the drafting and filing of a United States nonprovisional application and/or a Patent Corporation Treaty (hereinafter PCT) international application claiming priority to a prior provisional application filed by the client. The subject application was intended to preserve priority rights and had to be filed by January 16, 2008. The respondent failed to file the type of application for which he had been retained, as he mistakenly concluded that the subject application would be of no benefit since it related to a prior version of the product. Without ever consulting his client, the respondent directed a paralegal at his firm to prepare and file a nonprovisional application and a PCT application that removed claims for priority. As a consequence of the respondent's mistake, his client did not have priority to the provisional application. The respondent and his client settled a civil lawsuit regarding the matter for $175,000.

The respondent understood that his conduct deviated from the ethical standards and disciplinary rules of the USPTO

Code of Professional Responsibility. He was remorseful. He had no prior disciplinary history before the Office of Enrollment and Discipline.

The respondent acknowledged that he violated 37 CFR former 10.84 (a) (1), (2) and (3) of the USPTO Code of Professional Responsibility, respectively, for intentionally failing to seek the lawful objectives of his client, failing to carry out a contract of employment, and causing prejudice or damage to the client by not filing a nonprovisional application and a PCT application within one year of the priority date of the provisional application after being instructed to do so by the client, and not discussing such action with the client before taking it.

The respondent consented to a public reprimand.

The respondent was admitted to the Connecticut bar on May 10, 1984.

By order dated June 24, 2015, the Connecticut Superior Court, Judicial District of Hartford, reciprocally reprimanded the respondent based on the disciplinary action taken against him by the USPTO.

The Grievance Committee for the Ninth Judicial District served the respondent with a notice pursuant to 22 NYCRR 691.3 on August 20, 2015. In response to the notice, the respondent waives his right to a hearing and consents to the imposition of reciprocal discipline commensurate with a reprimand issued by the Connecticut Superior Court.

Based on the findings of the Connecticut Superior Court, we find that reciprocal discipline is warranted. Accordingly, the Grievance Committee's application to impose reciprocal discipline is granted, and the respondent is publicly censured.

ENG, P.J., MASTRO, RIVERA, DILLON and SGROI, JJ., concur.

Ordered that the Grievance Committee's motion is granted; and it is further,

Ordered that pursuant to 22 NYCRR 691.3, the respondent, Steven John Hultquist, is publicly censured for his professional misconduct.